# Third District Court of Appeal

## State of Florida

Opinion filed October 6, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-11
Lower Tribunal Nos. 18-172 AP; 12-14924 SP

_____

**CEDA Health of Hialeah, LLC,
f/k/a Florida Wellness & Rehabilitation
Center of Hialeah, LLC,
a/a/o Flor Aburto,**
Appellant,

vs.

**State Farm Mutual Automobile Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christina M. DiRaimondo, Judge.

David B. Pakula, P.A. and David B. Pakula (Pembroke Pines), for appellant.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

CEDA Health of Hialeah, LLC appeals the trial court's order granting summary judgment and entering final judgment for State Farm Mutual Automobile Insurance Company. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). The trial court granted summary judgment finding that CEDA Health knowingly submitted a false or misleading statement relating to the claim or charges and its claim was barred pursuant to section 627.736(5)(b)1.c., Florida Statutes (2010). We find that a genuine issue of material fact exists as to whether CEDA Health knowingly submitted a false billing statement and reverse the entry of summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Following a car accident in October 2010, Flor Aburto, the insured, sought treatment from and assigned benefits to CEDA Health. CEDA Health submitted bills to State Farm. CEDA Health alleged State Farm underpaid the claim and filed suit to recover unpaid PIP benefits within the $10,000 policy limit. During the deposition of Dr. Roy Canizares, D.C., CEDA Health's supervising doctor, a billing error was discovered. Dr. Canizares testified that he did not have personal knowledge of the treatments, but that based on his review of the records, it appeared that two units of Current Procedural Terminology ("CPT") code 97110 were mistakenly billed at $90.00 each instead of one unit of CPT code 97110 at $90.00 and one unit

2

of CPT code 97112 at $95.00. Dr. Canizares attested that two units of code 97110 were billed, although only one unit was performed on the date of treatment, and that there was no entry for code 97112 although one unit was performed on that date.

Following Dr. Canizares's deposition, State Farm amended its pleadings adding as an affirmative defense that CEDA Health submitted false and misleading statements with actual knowledge of the information, in deliberate ignorance of the truth or falsity of the information, or in reckless disregard of the information in violation of section 627.736(5)(b)1.c., Florida Statutes.

State Farm filed a motion for summary judgment regarding the submission of false or misleading statements. The trial court held a hearing on State Farm's motion for summary judgment and found, based on Dr. Canizares's testimony, that the billing error was a mistake and a scrivener's error. The court entered summary judgment in favor of State Farm finding there was evidence of negligence and CEDA Health's claims were barred by statute.

## LEGAL ANALYSIS

"We review de novo a grant of summary judgment as well as issues of statutory interpretation." Priority Med. Ctrs., LLC v. Allstate Ins. Co., 319 So. 3d 724, 726 (Fla. 3d DCA 2021) (citation omitted).

Pursuant to section 627.736(5)(b)1., "[a]n insurer or insured is not required to pay a claim or charges . . . [t]o any person who knowingly submits a false or misleading statement relating to the claim or charges." § 627.736(5)(b)1.c., Fla. Stat. "'Knowingly' means that a person, with respect to information, has actual knowledge of the information; acts in deliberate ignorance of the truth or falsity of the information; or acts in reckless disregard of the information, and proof of specific intent to defraud is not required." § 627.732(10), Fla. Stat.

State Farm argues that CEDA Health "knowingly" submitted false charges because it acted with reckless disregard for the information by entering two units of CPT code 97110 at $90.00 each when what was rendered was actually one unit of code 97110 at $90.00 and one unit of 97112 at $95.00. State Farm established that there was a single billing entry error and that the treatment notes did not support the billing entry. It was unrefuted that there was a billing error, pursuant to which State Farm yielded a benefit of $5.00. The issue before the trial court was whether CEDA Health

4

knowingly submitted the false bill, thereby forfeiting its right to receive compensation on the claim.

We conclude the trial court improvidently granted summary judgment because there remained a genuine issue of material fact as to the manner and method in which the billing error occurred, particularly whether CEDA Health knowingly submitted the erroneous billing. State Farm did not submit any evidence to rebut Dr. Canizares's testimony that the error was a mistake, nor did it submit any evidence demonstrating whether CEDA Health had actual knowledge of the information, acted in deliberate ignorance of the truth or falsity of the information or acted in reckless disregard of the information. Nonetheless, the trial court decided this key question of fact at the summary judgment stage apparently concluding the negligent one-time billing error satisfied the statutory threshold. The Legislature has expressly defined the term "knowingly" with respect to insurance rates and contracts requiring that a person "has actual knowledge of the information; acts in deliberate ignorance of the truth or falsity of the information; or acts in reckless disregard of the information." § 627.732(10), Fla. Stat. Negligence, which is commonly defined as the failure to use reasonable care, is not the standard. As such, the trial court's finding of negligence was not sufficient

to resolve this issue of fact regarding whether CEDA Health knew of the erroneous billing information.

In reaching its conclusion, the trial court relied on <u>Chiropractic One, Inc. v. State Farm Mutual Automobile</u>, 92 So. 3d 871 (Fla. 5th DCA 2012). In <u>Chiropractic One</u>, the District Court affirmed the entry of summary judgment based on the trial court's finding that the record evidence "established beyond any material issue of fact" that the provider "knowingly and repeatedly made false and misleading claims for PIP benefits." <u>Chiropractic One</u>, 92 So. 3d at 873. The trial court "itemized the evidence that led it to conclude that [the provider] 'knowingly' made the false and misleading claims." <u>Id.</u> The Court readily observed the provider's practices were rooted in the "intentional or recklessly improper use of [CPT] codes, including [repeated] billings for services not rendered, wrongly billed, or undocumented" and "designed to misrepresent to State Farm the services supplied to the insureds and to inflate the associated billing statements." <u>Id.</u> Here, there was no comparable evidence of repeated false claims or recklessly improper use of CPT codes designed to inflate billing. The billing error, in fact, monetarily favored State Farm.

Because there exists a genuine issue of material fact regarding whether CEDA Health knowingly submitted a false bill to State Farm barring

6

its claim under section 627.736(5)(b)1.c., we reverse the entry of summary judgment.

Reversed and remanded for further proceedings.